TOMAS E. MARGAIN, Bar No. 193555
HUY TRAN, Bar No. 288196
Justice at Work Law Group
84 West Santa Clara Street, Suite 790
San Jose, CA 95113
Telephone: (408) 317-1100
Facsimile: (408) 351-0105
Tomas@JAWLawGroup.com
Huy@JAWLawGroup.com

Attorneys for Plaintiff
EDGAR DANIEL LOPEZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| EDGAR DANIEL LOPEZ, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR STATUTORY VIOLATIONS UNDER THE FLSA, PENDANT STATE CLAIMS FOR UNPAID WAGES, PENALTIES, AND ATTORNEYS' FEES FOR:** |
| v. | |
| JJ NGUYEN, INC.; TU BAO NHU NGUYEN aka TU NGUYEN; and VY LOAN TRAN aka VY TRAN, | Federal FLSA Claim:<br>1. Failure To Pay Overtime (29 U.S.C. §§ 207, 216(B), and 255(A)); |
| Defendants. | California Supplemental State Claims:<br>2. Violation Of Statutory Duty For Breach Of Cal. Labor Code §§ 1194, 1194.2 Penalty;<br>3. Failure to Provide Accurate Pay Stubs and Records (California Labor Code §§ 226)<br>4. Cal. Labor Code § 203 Penalty; and<br>5. Unfair Competition |

**NATURE OF THE CASE**

1.  Plaintiff EDGAR DANIEL LOPEZ (hereinafter referred to as "Plaintiff"), brings a claim for earned but unpaid wages under the Fair Labor Standards Act and supplemental claims arising out of the California Labor Code and Business and Professions Code against Defendants JJ NGUYEN, INC.; TU BAO NHU NGUYEN aka TU NGUYEN; and VY LOAN TRAN aka VY TRAN (hereinafter "DEFENDANTS"). DEFENDANTS own a construction company that focuses

1

COMPLAINT

on landscape construction and maintenance in public works and private construction projects in the Bay Area. Plaintiff alleges that he was not paid for all hours worked, including overtime wages under the FLSA (after 40 hours in a week) and California law (after 8 hours in a day). Plaintiff is also alleging that he was not paid prevailing wages for his labor of public works projects subject to the payment of prevailing wages.

2. Plaintiff seeks as against Defendants compensatory damages for unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b), waiting time penalties under California Labor Code § 203, penalties under California Labor Code § 1194.2 (prevailing wage violations), penalties under California Labor Code § 226 (wage stub violations), and attorney's fees, costs, and pre-judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b). Under the Unfair Competition Act Claim, he seeks to expand the statute of limitations to four years to recover earned but unpaid wages as an unfair, unlawful or fraudulent business act.

3. Plaintiff's claims can be summarized as follows:

    a. <u>Failure to pay FLSA and Cal. Labor Code Required overtime wages</u>: When Plaintiff worked more than 8 hours in a day (Cal. Labor Code sections 510 & 1194) or 40 hours in a week (FLSA), Defendants failed to pay for all hours worked and overtime wages. This primality occurred as Plaintiff would only be paid for an 8-hour day and would work 10 to 10.5 hours a day;

    b. <u>Liquidated Damages for Prevailing Wage Violations</u>: In failing to pay prevailing wages to Plaintiff, Defendants willfully violated Labor Code section 1194.2 and owe the unpaid prevailing wages as a liquidate damage to Plaintiff.

    c. <u>Liquidated Damages under the FLSA:</u> In failing to pay overtime wages, to Plaintiff, Defendants acted willfully in that the owner paid overtime wages in cash and at less than the hourly rate. Plaintiff seeks an extension of the statute of limitations under the FLSA to three years and liquidated damages.

d. Failure to Pay all Prevailing Wages on Public Work's Construction Projects:

Plaintiff performed compensable labor on public works projects which is covered by various obligations under the California Labor Code beginning at section 1720. As construction on Public Works projects, Plaintiffs must be paid daily overtime wages after 8-hours. Moreover, all work "in the execution of the contract" must be paid at the prevailing wage including all compensable mobilization and travel to a public works jobsite.

e. Waiting Time Penalties (California Labor Code):

In failing to pay for all hours worked and overtime wages, Defendants owed Plaintiff a waiting time penalty as he was not paid all wages at the end of his employment.

f. Pendant State Claim Liquidated Damages:

Plaintiff seeks a liquidated damage under LC 1194.2 for the prevailing wage underpayments.

g. Wage Stub Penalties (California Labor Code):

Plaintiff received wage stubs which did not list all hours worked and because it appears that Defendant did not properly record his work hours, Plaintiff has been injured in that he now has to reconstruct his hours worked. Plaintiff seeks penalties under Labor Code section 226 for con-compliant wage stubs.

**SUBJECT MATTER JURISDICTION AND VENUE**

4. This Court is a proper venue, since events giving rise to this lawsuit have occurred in this District.

5. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* and the supplemental jurisdiction of this Court. Defendants' gross sales meet the jurisdictional minimum of the Fair Labor Standards Act and their business involves products that move through interstate commerce.

3

COMPLAINT

## PARTIES TO THE ACTION

6. Plaintiff EDGAR DANIEL LOPEZ was and at all relevant times herein is an individual over the age of eighteen and residing of California.

7. Plaintiff is informed and believes and therefore alleges, that at all times mentioned herein Defendants JJ NGUYEN, INC.; TU BAO NHU NGUYEN aka TU NGUYEN; and VY LOAN TRAN aka VY TRAN are individuals and corporations in the construction and transportation businesses in the Northern District of California with particularity Santa Clara County.

8. DEFENDANTS are individual employers of Plaintiff under the FLSA, California law, and common law.

9. Plaintiff is informed and believes and therefore alleges that DEFENDANTS employed Plaintiff as a construction worker in a non-exempt capacity.

## GENERAL ALLEGATIONS

10. Plaintiff EDGAR DANIEL LOPEZ was employed by DEFENDANTS as a construction worker from May 2012 through March 2017. However, in 2015, Plaintiff had a break of employment of approximately one year.

11. Plaintiff worked primarily on Public Works construction jobs. Plaintiff worked as a landscape construction worker though at times he worked on landscape maintenance contracts.

12. Defendants would require Plaintiff and his co-workers to show up to Defendants' shop in San Jose usually at 6:00 a.m. to begin their work day. This included getting a company truck and making sure all tools and materials were ready to go. Plaintiff would also have to fuel the truck. Plaintiff would then work in various Bay Area jobs and return back to the yard at about 4:30 pm. Despite working a 10 hour day or longer, Plaintiff was only paid for 8-hours of work. Plaintiff could begin his day as early as 5:00 am and at times arrived back after 5 pm.

4

COMPLAINT

13. Plaintiff worked on public works construction projects subject to the payment of prevailing wages. He was not paid prevailing wages for all hours worked.

14. On at least one pay period during the statute of limitations of the Fair Labor Standards Act, Plaintiff worked more than 40 hours and was not compensated for all hours worked and for overtime due and owing.

15. Plaintiff would also work Saturdays and Sundays, including on public works projects, and was paid outside payroll by check usually in accounts in the names of the individual defendants.

16. The wage stubs Plaintiff received were not compliant with California law as the total number of hours and rates of pay were not listed.

17. At some point prior to being made a foreman and being given a company truck, Plaintiff would use his personal vehicle and was not reimbursed for gas or mileage.

### COUNT ONE
### FEDERAL CLAIM
*Violation of the Fair Labor Standards Act*
*29 U.S.C. §§ 207, 216(b), and 255(a)*
*Failure to Pay Overtime Wages*

18. Plaintiff re-alleges and incorporates the allegations above as if fully stated herein.

19. At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

20. DEFENDANTS operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

21. DEFENDANTS routinely required and/or suffered or permitted Plaintiff to work more than 40 hours per week without paying all of the wages for Plaintiff for overtime work.

22. On weeks Plaintiff was paid a piece rate, he seeks the unpaid overtime wages when dues and owing as premium overtime wages were never paid.

23. On weeks that Plaintiff earned two or more regular rates, he seeks "weighted average" overtime wages not paid.

24. In failing to pay Plaintiff overtime wages at one-and-one-half times his regular rate of pay, and for all hours worked, DEFENDANTS willfully violated the FLSA.

25. As a direct and proximate result of DEFENDANTS' failure to pay Plaintiff proper wages under the FLSA, Plaintiff incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

26. Plaintiff has given written consent to his attorney to prosecute this action and this complaint is intended to serve as an opt-in consent.

27. DEFENDANTS intentionally, with reckless disregard for its responsibilities under the FLSA, and without good cause, failed to pay Plaintiff his proper wages, and DEFENDANTS are thus liable to Plaintiff for liquidated damages in an amount equal to his lost wages over a three year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

28. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to the FLSA.

**COUNT TWO**
**SUPPLEMENTAL STATE CLAIM**
*Violation Of Statutory Duty For Breach Of*
*Cal. Labor Code §§ 1194, 1194.2, 510, 1771, 1774*

29. Plaintiff re-alleges and incorporates the allegations above as if fully stated herein.

30. At all times mentioned herein, DEFENDANTS were subject to the overtime wage requirements of the State of California pursuant to California Labor Code §§ 510 and 1194. Pursuant to California Labor Code § 1194, DEFENDANTS had a duty to pay their employees, including Plaintiff, not less than the minimum required hourly rate of pay and legal overtime wage for all hours worked.

COMPLAINT

31. Plaintiff seeks unpaid overtime wages under California Labor Code § 1194 for unpaid overtime at 1.5 times the agreed upon hourly rate not the rate contained in the wage stubs.

32. At all times mentioned herein, Defendant was subject to the prevailing wage laws of the State of California pursuant to California Labor Code § 1771, regarding work undertaken on public construction projects. Pursuant to California Labor Code § 1771, Defendant had a duty to pay its employees on such projects, including Plaintiff, not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the public work is performed, and not less than the general prevailing rate of per diem wages for holiday and overtime work.

33. Pursuant to California Labor Code § 1774, Defendant had a duty to pay their employees on such projects, including Plaintiff, not less than the specific prevailing rates of wages to all workmen employed in the execution of the contract of certain Public Works Projects.

34. Plaintiff is informed and believes and thereon alleges that the per diem wages and prevailing wages required to be paid pursuant to California Labor Code §§ 1194, 1771 and 1774 are set forth in annual and semi-annual bulletins published by the California Department of Industrial Relations.

35. Plaintiff's employment periods, hours worked, and trade classifications are based on individual employment as described above and as will be proved at trial.

36. Plaintiff is informed and believes and thereon alleges that Plaintiff was paid less than the minimum required general prevailing rate of per diem wages for work and less than the minimum required prevailing rate of per diem wages for holiday and overtime work for their work on certain Public Works Projects as required by California Labor Code §§ 1194, 1771 and 1774.

37. Plaintiff is informed and believes and thereon alleges that said Defendant violated California Labor Code §§ 1194, 1194.2, 1771 and 1774, specifically by failing and

refusing to comply with the statutory duty to pay Plaintiff's prevailing wages as required by the contracts and by statute, or ensure that Plaintiff was paid prevailing wages as required by the contracts and by statute.

38. Plaintiff seeks as earned but were not paid wages the difference between the amount actually paid and the prevailing wage rate as determined by the Director of Industrial Relations. Plaintiff also seeks wages for earned but uncompensated overtime wages. Finally, Plaintiff seeks payment for hours shaved or taken off of his work day. Plaintiff's audits and investigations are continuing, however, the amounts claimed are above the jurisdictional minimum requirements of this court. Plaintiffs will seek leave of court to amend this Complaint according to proof at the time of trial.

39. Plaintiff is informed and believes and based thereon contends that said defendants, and each of them, violated California Labor Code §§ 510, 1194, specifically by failing and refusing to comply with the statutory duty to pay Plaintiff's overtime and minimum wages as required by statute.

40. On public works projects, Plaintiff had to receive a prevailing wage rate as set by statute. When this occurred and Plaintiff worked overtime hours, he only received at first $20.00 and then $25.00 an hour. As such, Plaintiff is owed a liquidated damage amount, over a three year period, under Labor Code section 1194.2.

41. Plaintiff has incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demand such reasonable attorneys' fees and costs as set by the court.

**COUNT THREE**
**SUPPLEMENTAL STATE CLAIM**
*California Labor Code § 226*
*Wage Stubs and Record Keeping*

42. Plaintiff re-alleges and incorporates the allegations above as if fully stated herein.

43. At all times relevant hereto, DEFENDANTS were subject to the provisions of California Labor Code §§ 226, which requires an employer to provide each

employee with written periodic wage payment setting forth, among other things, the dates of labor for which payment of wages is made, the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, and the name and address of the employer.

44. DEFENDANTS knowingly and intentionally failed to provide Plaintiff, with accurate, itemized wage statements in compliance with California Labor Code § 226. Such failures in DEFENDANTS' itemized wage statements including, among other things, not accurately showing the actual hours worked or hourly rate for overtime hours worked and amount of overtime pay, in each pay period and/or incorrectly reporting gross wages earned.

45. As a direct result of DEFENDANTS' conduct, Plaintiff was never provided with accurate paystubs. Plaintiff is entitled to recover an amount to be proved at trial for actual damages, including that measured by the unpaid wages, of not less than $50.00 for an initial violation and $100.00 for a subsequent for each violation up to $4,000.00.

46. Plaintiff has incurred, and will continue to incur, attorney's fees in the prosecution of this action.

**COUNT FOUR**
**PENDENT STATE CLAIM**
*California Labor Code Section 203*
*Waiting Time Penalties*

55. Plaintiff re-alleges and incorporates the allegations above as if fully stated herein.

56. At the time Plaintiff's employment at DEFENDANTS' business was terminated, DEFENDANTS owed Plaintiff certain unpaid overtime wages as previously alleged, and such wages owed to Plaintiff were ascertainable at the time of termination.

57. Failure to pay wages owed at an employee's termination as required by California Labor Code § 201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in California Labor Code § 203.

58. As of this date, DEFENDANTS have failed and refused, and continue to fail and refuse, to pay the amount due, thus making each such DEFENDANT liable to Plaintiff for penalties equal to thirty (30) days wages.

**COUNT FIVE**
**SUPPLEMENTAL STATE CLAIM**
*Labor Code § 2802*
*Failure to Reimburse Business Expenses*

59. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully stated herein.

60. During the course of Plaintiff's employment with Defendant, he incurred expenses such as providing gasoline for his vehicles and the use of his vehicles for work. Defendant failed to indemnify Plaintiff for any losses incurred by Plaintiff based on the above.

61. The foregoing is in violation of California Labor Codes section 2802 which allows for an employee to be indemnified for such losses and recover his fees and costs.

62. Plaintiffs seek an award of reasonable expenses incurred while employed by Defendants as well as their attorneys' fees and costs

**COUNT SIX**
**SUPPLEMENTAL STATE CLAIM**
*Violation of California Business & Professions Code §17200*
*Restitution for Unfair Business Practices*

63. PLAINTIFF re-alleges and incorporates the allegations of paragraphs 1-58 as if fully stated herein.

64. At all times relevant herein, Plaintiff's employment with DEFENDANTS was subject to FLSA, California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to

be paid certain overtime for work performed in excess of 40 hours per week or 8-hours in a day.   Said laws also required payment for all hours worked.

65. At all times relevant herein, the employers of PLAINTIFF, were subject to the California Unfair Trade Practices Act (California Business and Professions Code § 17000 et seq.), but failed to pay the PLAINTIFF, including members of the general public, certain overtime pay as required by applicable state and federal laws, to all of which PLAINTIFF, including members of the general public, were legally entitled, with DEFENDANT keeping to itself the amount which should have been paid to PLAINTIFF.

66. In doing so, DEFENDANT violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, IWC Wage Orders, and the FLSA, as plead above and thus giving them a competitive advantage over other employers and businesses with whom DEFENDANTS were in competition and who were in compliance with the law.

67. As a direct and proximate result of DEFENDANTS' violations and failure to pay the required wages and overtime pay, the PLAINTIFF'S rights under the law were violated and the PLAINTIFFS incurred general damages in the form of unpaid wages in amount to be proved at trial.

68. Under the California Unfair Trade Practices Act, Plaintiff seeks to recover over a four year statute of limitations.

69. DEFENDANTS have been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hour laws,

but willfully, knowingly, and intentionally failed to pay PLAINTIFF, including members of the general public, overtime pay.

70. PLAINTIFF, including members of the general public can and will comply with class action requirements and standards to the extent required by law to prosecute this action as a representative action under Business and Professions Code §17200, et seq.

71. The PLAINTIFF, including members of the general public, having been illegally deprived of the overtime pay to which they are legally entitled, herein seek restitution of such unpaid wages pursuant to the Business and Professions Code §17203.

### ATTORNEY FEES AND COSTS

72. Enforcement of statutory provisions enacted to protect workers and to ensure proper and prompt payment of wages due to employees is a fundamental public interest in California. Consequently, Plaintiff's success in this action will result in the enforcement of important rights affecting the public interest and will confer a significant benefit upon the general public. Private enforcement of the rights enumerated herein is necessary as no public agency has pursued enforcement. Plaintiff is incurring a financial burden in pursuing this action and it would be against the interest of justice to require the payment of any attorney's fees and costs from any recovery that might be obtained herein. As prayed for below, Plaintiff and his counsel are entitled to and seek an award of attorneys' fees and costs pursuant to law including but not limited to the FLSA, California Code of Civil Procedure § 1021.5, California Labor Code § 1194 and other applicable laws.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

1. For an order awarding Plaintiff compensatory damages for all wages earned but not paid, and all overtime wages earned and not paid, in the amount to be proven at trial;

2. For liquidated damages under the FLSA in the amount of the unpaid overtime wages over a three year statute of limitations;

3. For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under California Labor Code §§ 201-204, 210, 211, 226(e), 226.3 and 226.7(b), together with interest on these amounts;

4. For earned but unpaid wages as equitable relief under the Unfair Competition Act over a 4-year statute of limitations;

5. For pre-judgment interest of 10% on the unpaid overtime compensation under California Labor Code §§ 1194(a);

6. For unpaid overtime, minimum wage and a minimum wage liquidated damage under California Labor Code §§ 1194 and 1194.2;

7. For "waiting time" penalties under California Labor Code § 203;

8. For actual damages or a statutory penalty for non-compliant wage stubs;

9. For an award of reasonable attorneys' fees, as provided by the FLSA and California Labor Code §§ 218.5, 226(e), and 1194, and/or other applicable law;

10. For unreimbursed expenses including mileage for the use of a vehicle;

11. For an extension of the Statute of limitations under the FLSA to three years for willful violations;

12. An extension of the statute of limitations under Business and Professions Code §17200;

13. For equitable and injunctive relief under Business and Professions Code §17200;

14. For costs of suit herein;

15. For such other and further relief as the Court may deem appropriate.

Dated: March 17, 2016          *//s// Tomas Margain*
Tomas E. Margain
JUSTICE AT WORK LAW GROUP
Attorney for Plaintiff